Submitted September 4, OAR 291-077-0035 (Jan 14, 2014) held valid
November 4, 2015

ARLEN PORTER SMITH,
*Petitioner,*

*v.*

DEPARTMENT OF CORRECTIONS,
*Respondent.*

Department of Corrections
A155943

361 P3d 655

Arlen Porter Smith filed the opening brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

As allowed by ORS 183.400, petitioner seeks a judicial determination of the validity of an administrative rule—OAR 291-077-0035 (Jan 14, 2014)—amended by the Oregon Department of Corrections (DOC). Petitioner contends that the ground on which we should declare the rule invalid is that DOC amended the rule without complying with applicable rulemaking procedures. ORS 183.400(4)(c). Petitioner asserts two ways that DOC failed to follow the procedural requirements.

First, DOC did not appoint a fiscal impact advisory committee to provide input on the amended rule's fiscal impact, and petitioner argues that not appointing a committee was a procedural violation because, under ORS 183.333(5), an agency must do so if 10 or more persons likely to be affected by a proposed rule change object to the agency's fiscal impact statement (FIS). In this instance, according to petitioner, 10 or more inmates objected to the proposed rule change. DOC responds that the inmates' objections did not include the information required by OAR 137-001-0087(1), namely, an explanation of how the inmates were likely to be affected by the proposed rule change and an explanation of their objection to the FIS. Therefore, in the state's view, the inmates' objections did not qualify as objections under ORS 183.333(5).

Second, petitioner asserts that DOC included a false FIS in its rulemaking notice, which stated that there was "no anticipated fiscal impact with this rulemaking." *See* ORS 183.335(2)(b)(E) (requiring, in part, a FIS identifying state agencies and the public that may be economically affected by a rule change). Petitioner posits that that FIS was misleading because the amended rule—increasing the commissary weekly spending limits by $10 to $20 as a behavioral incentive—has a significant fiscal impact on both DOC and DOC inmates, asserting a number of facts in support of his position. But, as the state argues, that type of challenge, the evaluation of which would require the creation and assessment of an evidentiary record beyond the rulemaking record, is outside of the scope of a proceeding under ORS 183.400. *See Confederated Tribes v. Dept. of Fish*

*and Wildlife*, 244 Or App 535, 538, 260 P3d 705 (2011) ("In evaluating the validity of a rule pursuant to ORS 183.400, we may consider only the rule under review, the statutory provisions authorizing the rule, and copies of documents necessary to show compliance with applicable rulemaking procedures." (Citing ORS 183.400(3)).

Having reviewed the parties' arguments, we agree with the state. Accordingly, we conclude that DOC did not fail to comply with applicable rulemaking procedures.

OAR 291-077-0035 (Jan 14, 2014) held valid.